FILED

2017 MAR -2 AM 9:58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK BEVILAQUE, an individual,

Plaintiff,

v.

THE LYKOS GROUP, INC., a Florida corporation, and
THOMAS LYKOS, an individual,

Defendants.

CIVIL ACTION

Case No. 2:17-cv-128-FtM-99MRM

Judge:

Mag. Judge:

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, MARK BEVILAQUE ("BEVILAQUE" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA"), Age Discrimination in Employment Act ("ADEA"), Florida Civil Rights Act ("FCRA") and common law for (1) violation of the FLSA- unpaid wages and overtime, (2) age discrimination in violation of the ADEA, (3) retaliation in violation of the ADEA, (4) breach of contract, and (5) promissory estoppel.

## PARTIES

2. The Plaintiff, MARK BEVILAQUE ("BEVILAQUE") is an individual and a resident of Florida who currently resides in Collier County, Florida and at all times had individual coverage under the FLSA during his employment with the Defendant. At all material times, BEVILAQUE was employed by the Defendants as a "project manager." BEVILAQUE

1

performed work for the Defendant in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **BEVILAQUE** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendants, **THE LYKOS GROUP, INC.** ("LYKOS GROUP") and **THOMAS LYKOS** ("LYKOS" or "DEFENDANT"), are both covered employers under the FLSA (29 U.S.C. §203(d), (r) and (s)). The Defendants, and specifically **THOMAS LYKOS**, have the sole authority to hire, fire and discipline all employees, **LYKOS** supervises and controls all employees' work schedules and conditions of employment, **LYKOS** determines the rate and method of payment for all employees and **LYKOS** maintains employment records of all personnel.

4. At all material times, Defendant, **LYKOS GROUP**, employed greater than 20 employees and employed **BEVILAQUE**, and is thus an employer under the ADEA and FCRA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

6. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within

the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Collier County, which is within the Fort Myers Division.

8. **BEVILAQUE** timely files the instant action pursuant to 29 U.S.C. Section 626(d), which permits a plaintiff to file claims under the ADEA without having received a Notice of Right to Sue from the EEOC. **BEVILAQUE** timely filed his Charge of Discrimination against the Defendant **LYKOS GROUP** on or about December 7, 2016.

## GENERAL ALLEGATIONS

### FLSA Allegations

9. **BEVILAQUE** brings this action against the Defendants for legal relief to redress unlawful violations of his rights under the FLSA to remedy violations of the wage provisions of the FLSA by the Defendant, which has deprived **BEVILAQUE** of his lawful wages.

10. **BEVILAQUE** began working for the Defendant on or about December 20, 2014 as a "project manager."

11. **BEVILAQUE**'s direct supervisor was **THOMAS LYKOS** and **BEVILAQUE**'s role of "project manager" was actually non-management and did not include advising the Defendants regarding violations of state or federal wage/hour law, nor supervising any employees.

12. **BEVILAQUE**'s job duties, in relevant part, included mostly office work over which he possessed no decision-making authority over any matters of significance.

13. In no way did **BEVILAQUE**'s primary duties with the Defendants include the exercise of discretion and independent judgment with respect to matters of significance, nor could **BEVILAQUE** make decisions that in any way would bind the Defendants.

3

14. **BEVILAQUE**'s job duties consisted mostly of clerical work such as preparing contracts on the instruction of **LYKOS** and then processing the work directed by **LYKOS**.

15. The Defendants required **BEVILAQUE** to work well in excess of 40 hours per week, but failed to compensate **BEVILAQUE** for such hours worked at all, let alone at time and a half as required by the FLSA.

16. **BEVILAQUE**'s regular daily duties included often began well prior to around 7:30 A.M. and could, and would, sometimes end as late as 10:00 P.M. and included work on weekends.

17. The Defendants demanded that **BEVILAQUE** be available between those hours and **BEVILAQUE** did work for the Defendants during that time.

18. **BEVILAQUE** should have been paid as an hourly, non-exempt employee but instead was paid on a salary basis.

19. The Defendants failed to pay **BEVILAQUE** overtime wages.

20. The Defendants' practices are in direct violation of the FLSA, 29 U.S.C. 201 et. seq. and **BEVILAQUE** seek injunctive and declaratory relief, compensation, and credit for all unrecorded and uncompensated work required or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, and attorneys' fees and costs.

21. This action is brought to recover unpaid hourly compensation owed to **BEVILAQUE** pursuant to the FLSA. **BEVILAQUE** has been employed by the Defendants and was required to perform certain work functions for which he was not compensated.

22. **BEVILAQUE** alleges that the Defendants have willfully engaged in a pattern and practice of unlawful conduct by failing to record, credit, or compensate Defendants' non-exempt,

hourly wage employees, including **BEVILAQUE** for all of the time the Defendants require or permit such employees to perform work for the benefit of the Defendants.

23. The Defendants practice of requiring or permitting their hourly non-exempt employees to work off-the-clock and without overtime compensation is in violation of the FLSA because such employees perform work for the benefit of the Defendants for which the employees are not compensated.

## Common Law Claims

24. Furthermore, upon accepting employment with the Defendants, **BEVILAQUE** and the Defendants entered into a verbal employment contract wherein **BEVILAQUE** was to be compensated by way of a nondiscretionary bonus.

25. However, the Defendants have breached their contract with **BEVILAQUE** by failing to pay **BEVILAQUE** the bonus due.

26. Specifically, the Defendants have failed to pay **BEVILAQUE** at least $33,700.00 pursuant to the Profit Sharing Plan at Tier II Level.

27. **BEVILAQUE** has performed all of his obligations under the contract and the Defendants have failed to remit payment to **BEVILAQUE** in accordance thereto.

## Age Discrimination & Retaliation

28. **BEVILAQUE** is a member of a protected class as a person older than 40.

29. **BEVILAQUE** always performed his assigned duties in a professional manner and am very well qualified for his position despite being a person over the age of 40.

30. **BEVILAQUE** always received good to very good performance reviews from the Defendant.

31. However, beginning in or about early September 2016, **BEVILAQUE** began to be subjected to discrimination on the basis of his age.

32. Specifically, the Defendant, through **LYKOS**, made statements during a meeting that **BEVILAQUE** "could be replaced by someone younger and cheaper."

33. **BEVILAQUE** immediately objected to this by written correspondence on or about September 13, 2016.

34. The Defendant then terminated **BEVILAQUE** on October 14, 2016.

35. The Defendant was replaced **BEVILAQUE** with someone many years younger.

36. At all material times, the Defendant was aware of **BEVILAQUE**'s age, which is the basis for its discriminatory employment practices toward him.

## COUNT I: VIOLATION OF THE FLSA- LYKOS & LYKOS GROUP

37. The Plaintiff hereby incorporates Paragraphs 1-3, 5, 7 and 9-23 in this Count as though fully set forth herein.

38. **BEVILAQUE** was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendants.

39. The Defendants were required by the FLSA to pay the Plaintiff at least time and one-half for all hours worked the **BEVILAQUE** in excess of 40 hours per week.

40. The Defendants had operational control over all aspects of **BEVILAQUE**'s day-to-day functions during his employment, including compensation.

41. The Defendants were **BEVILAQUE**'s "employer" and is liable for violations of the FLSA in this case, which violations were intentional and willful.

42. The Defendants violated the FLSA by failing to pay **BEVILAQUE** at least time and one-half for all hours worked over 40 hours per week.

43. The Defendants have willfully violated the FLSA in refusing to pay BEVILAQUE proper overtime for all hours worked over 40 hours in a week.

44. As a result of the foregoing, the BEVILAQUE has suffered damages of lost wages.

45. The Defendant is the proximate cause of the BEVILAQUE's damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendants for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – VIOLATION OF THE ADEA- LYKOS GROUP

46. Plaintiff incorporates by reference Paragraphs 1-5, 7-8 and 28-36 of this Complaint as though fully set forth below.

47. **BEVILAQUE** was an employee and the Defendant was his employer covered by and within the meaning of the ADEA.

48. **BEVILAQUE** is a member of the protected age class (over the age of 40).

49. **BEVILAQUE** was well qualified for the positions he held with the Defendant.

50. Despite his qualifications, **BEVILAQUE** has suffered adverse employment action in the form of the Defendant's termination.

51. A younger person with inferior qualifications and performance replaced **BEVILAQUE**.

52. The Defendant sought applicants for the same positions that **BEVILAQUE** held who were outside of **BEVILAQUE**'s protected class.

53. The Defendant has discriminated against **BEVILAQUE** in the terms and conditions of his employment on the basis of his age, in violation of ADEA.

54. The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by taking adverse employment action against **BEVILAQUE** because of her age.

55. The Defendant's violations of the law were knowing and willful.

56. A causal connection exists between **BEVILAQUE**'s age and the adverse employment action inflicted upon him by the Defendant.

57. As a result of the above-described violations of the ADEA, **BEVILAQUE** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

58. **BEVILAQUE** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE ADEA- RETALIATION- LYKOS GROUP

59. Plaintiff incorporates by reference Paragraphs 1-5, 7-8 and 28-36 of this Complaint as though fully set forth below.

60. **BEVILAQUE** is a person over the age of forty (40) and, as such, is a member of a protected class.

61. At all material times, **BEVILAQUE** was an employee and the Defendant was his employer covered by and within the meaning of the ADEA.

62. **BEVILAQUE** was qualified for the positions that he held with the Defendant.

63. Following **BEVILAQUE**'s objections to age discrimination, the Defendant retaliated by altering the terms and conditions of his employment and terminating **BEVILAQUE**'s employment.

64. **BEVILAQUE** had complained to the Defendant about what was age discrimination and the Defendant clearly observed **BEVILAQUE**'s growing discomfort concerning the same.

65. **BEVILAQUE**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of the Defendant.

66. Said protected activity was the proximate cause of the Defendant's negative employment actions against **BEVILAQUE** including changed working conditions, discipline, and termination.

9

67. Instead of investigating **BEVILAQUE**'s complaints and objections of what was age discrimination, the Defendant retaliated against **BEVILAQUE** via changed working conditions, discipline, and termination.

68. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the ADEA.

69. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, **BEVILAQUE** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

70. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **BEVILAQUE** is entitled to all relief necessary to make him whole as provided for under the ADEA.

71. As a direct and proximate result of the Defendant's actions, **BEVILAQUE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

72. **BEVILAQUE** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position

with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT IV – BREACH OF CONTRACT- LYKOS GROUP

73. The Plaintiff realleges and incorporates Paragraphs 1-3, 6-7 and 24-27 in this Count by reference.

74. A contract existed between **BEVILAQUE** and the Defendant.

75. The terms of the contract were that **BEVILAQUE** would be compensated for his services by receiving a non-discretionary bonus when income goals were met.

76. Both **BEVILAQUE** and the Defendant agreed to those terms, which were clear and unambiguous.

77. **BEVILAQUE** fully and satisfactorily performed his duties under the contract.

78. The Defendant has breached the contract by refusing to pay **BEVILAQUE** the bonus due under the terms of the contract.

79. **BEVILAQUE** has been damaged as a result of the Defendant's breach of the contract.

80. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendant in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees upon service of Offer of Judgment, and all other relief as this Court deems proper.

## COUNT V – PROMISSORY ESTOPPEL

81. The Plaintiff realleges and incorporates Paragraphs 1-1-3, 6-7 and 26 in this Count by reference.

82. This Count is pled in the alternative.

83. The Defendant represented that **BEVILAQUE** would be compensated for his services by receiving a non-discretionary bonus when income goals were met.

84. The Defendant made a representation as to a material fact, to wit: **BEVILAQUE** would be compensated for his services by receiving a non-discretionary bonus when income goals were met, that is contrary to the Defendant's now-asserted position.

85. **BEVILAQUE** reasonably but detrimentally relied upon the representation of the Defendant.

86. The Defendant's change in position is detrimental to **BEVILAQUE** as he reasonably relied upon the same in agreeing to perform services for the Defendant.

87. Injustice can only be avoided by enforcing the promise against the Defendant.

88. **BEVILAQUE** has been damaged as a result of the Defendant's actions.

89. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendant in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees upon service of Offer of Judgment, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: March 2, 2017

**s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com